## COMMONWEALTH *vs.* FRANCIS LANG, JR.

Upon an indictment for a felonious assault by shooting with a pistol with intent to murder, the jury returned a verdict of " guilty of the assault and battery as charged, but without the felonious intent." *Held*, that this verdict might be amended by the court during the same sitting by striking out the words " and battery; " and, thus amended, was sufficient.

Under the Rev. Sts. *c.* 137, § 11, a person indicted for an assault with intent to murder may be convicted and sentenced for an assault without felonious intent.

The eleventh section of the Rev. Sts. *c.* 137, providing that any person indicted for a felony, and acquitted of part of the offence charged, and convicted of the residue, may be adjudged guilty of the offence, if any, substantially charged in the residue of the indictment, is not unconstitutional as conflicting with the twelfth article of the Declaration of Rights.

INDICTMENT on the Rev. Sts. *c.* 125, § 11, averring that the defendant at a certain time and place made an assault upon Simeon McQuestion, and "a certain pistol, then and there loaded with gunpowder and a leaden ball, which pistol he the said Lang then and there in his right hand had and held, at and against the said Simeon McQuestion then and there feloniously, unlawfully and maliciously did discharge and shoot, with intent in so doing him the said McQuestion then and there and thereby feloniously, wilfully and of his malice aforethought to kill and murder; and by so doing and by force of the statute in such case made and provided the said Lang is deemed a felonious assaulter." " And so," (the indictment concluded,) the defendant, at the time and place aforesaid, "with force and arms, feloniously assaulted the said Simeon McQuestion in manner and form aforesaid; against the peace of the Commonwealth aforesaid, and contrary to the form of the statute in such case made and provided."

Trial in the court of common pleas, before *Perkins*, J., who signed this bill of exceptions : " The jury returned a verdict, which was received by the court and recorded by the clerk on the back of the indictment in the following words : ' Guilty of the assault and battery as charged, but without the felonious intent.' But the indictment charging no battery, and the jury having found nothing in reference to a battery, that part, to wit,

the words 'and battery,' was during the sitting of the court stricken out of the entry on the back of the indictment, as inadvertently entered by the clerk, so that the entry as corrected is, ' Guilty of the assault as charged, but without the felonious intent.' The jury were then discharged from further consideration of the case. Immediately after the following entry was made upon the court docket : ' Guilty, but without any felonious intent.'

" Afterwards the defendants moved that judgment be arrested, because

" First, he has not been convicted of any offence by the verdict of a jury, accepted and recorded by the court.

" Secondly, he has not been convicted of any offence in any other mode authorized by law.

" Thirdly, he has been acquitted of the offence charged in the indictment by the verdict of a jury accepted and recorded by the court.

" Fourthly, the indictment is in other respects informal and defective.

" But the court overruled the motion. To which opinion, direction and judgment of the court the defendant excepts."

*S. H. Phillips,* for the defendant. The defendant has not been convicted of the offence for which he was indicted, either by confession of his guilt in open court, by admitting the truth of the charge against him by plea or demurrer, or by the verdict of a jury, accepted and recorded by the court ; and no sentence can therefore be passed upon him. Rev. Sts. *c.* 123, § 3. Declaration of Rights, art. 12. He has not been convicted of the offence charged in the indictment. *Rex* v. *Holt,* 7 Car. & P. 518. *Regina* v. *Ryan,* 2 M. & Rob. 213. Archb. Crim. Pl. (10th ed.) 439. 1 Russell on Crimes, (7th ed.) 741, 742. The verdict returned was a special verdict. *Dyer* v. *Commonwealth,* 23 Pick. 402. *Commonwealth* v. *Call,* 21 Pick. 509. A verdict in a criminal case cannot be amended.

The Commonwealth has relied on the Rev. Sts. *c.* 137, § 11, providing that " whenever any person indicted for felony shall on trial be acquitted by verdict of part of the offence charged

in the indictment, and convicted of the residue thereof, such verdict may be received and recorded by the court; and thereupon the person indicted shall be adjudged guilty of the offence, if any, which shall appear to the court to be substantially charged by the residue of such indictment, and shall be sentenced and punished accordingly." · But it is submitted that that statute is unconstitutional, as conflicting with art. 12 of the Declaration of Rights, which declares that " no subject shall be held to answer for any crime or offence, until the same is fully and plainly, substantially and formally, described to him." See also 1 Chit. Crim. Law, 644; Bac. Ab. Verdict, D ; *Commonwealth* v. *Call*, 21 Pick. 513 ; *Regina* v. *Bird*, 5 Cox C. C 20.

It results, therefore, that the verdict in question is a substantial acquittal.    Rev. Sts. *c.* 123, § 4.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

THOMAS, J.   1. The indictment charges an assault with intent to murder.   It is plain that the jury intended to find the defendant guilty of the assault without the felonious intent.   In the entry of the verdict by the clerk, the words " and battery " were inadvertently included ; the jury, as the report shows, " having found nothing as to a battery."   The entry was amended during the sitting of the court, to conform to the truth.   That the entry was rightly corrected we have no doubt.   *Commonwealth* v. *Stebbins*, 8 Gray, 492.   *Regina* v. *Vodden*, 1 Dearsly, 229, and 6 Cox C. C. 226.

2. The verdict as corrected is a good general verdict, with a qualification negativing the felonious intent.   *The King* v. *Williams*, 2 Campb. 646.   *Commonwealth* v. *Dyer*, 23 Pick. 404.

If, as suggested by the learned counsel for the prisoner, the verdict is to be deemed a special one, it is nevertheless the corrected entry that is the evidence of such verdict.   The entry as amended shows a sufficient verdict.

3. The defendant was convicted of a simple assault.   He was charged with an assault with an intent to murder.   The jury have found him guilty of the assault, but have negatived the felonious intent.   It is objected that the defendant was not convicted of the offence charged in the indictment.   He was

convicted of an assault included in the charge on the face of the indictment, and which constituted part of the transaction prosecuted as felony. The case seems to us to fall clearly within the provision of the Rev. Sts. *c.* 137, § 11. *Commonwealth* v. *Fischblatt,* 4 Met. 354. *Commonwealth* v. *Drum,* 19 Pick. 479. *Commonwealth* v. *Goodhue,* 2 Met. 193. 2 Bennett & Heard's Lead. Crim. Cas. 457.

4. To the suggestion that the provision of the revised statutes is unconstitutional as in conflict with art. 12 of the Bill of Rights, the answer is that the offence is " fully and plainly, substantially and formally " described ; that the whole may include a distinct part, and the greater the less.

*Exceptions overruled.*